UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
JAN 28 PM 3: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

GENERAL ACCIDENT INSURANCE )
COMPANY OF AMERICA, )
    Plaintiff; )
                                                  )
                                                  )                     No. CV-97-P-871-S
-vs.- )
                                                  )
HIGH COTTON DIRECT MARKETING, )
INC. and THE HUME GROUP, INC., )
    Defendants. )

ENTERED
JAN 28 1997

## Opinion

Defendant The Hume Group, Inc.'s ("Hume") motion to dismiss for lack of personal jurisdiction, was considered by the court at its motion docket on December 5, 1997. For the reasons stated below, the court finds that Hume's motion is due to be GRANTED.

### Statement of Facts[1]

This action is a declaratory judgment action by General Accident Insurance Company ("General") against its insured, High Cotton Direct Marketing, Inc. ("High Cotton"), and Hume. General seeks declaratory judgment as to its liability under a business insurance policy issued to High Cotton.

Hume, based in Georgia, and High Cotton, based in Alabama, entered into a contract in July 1994 by which High Cotton would provide direct marketing services to Hume. High Cotton continued to provide services to Hume until December 1994. In March 1995, Hume sued High Cotton in Georgia state court, alleging that High Cotton was negligent in its execution of contractual

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiff.

obligations. General maintains that its policy does not cover the matters disputed in the Georgia case, such that General should not be required to tender High Cotton's defense.

Hume is a Delaware corporation, with its principal place of business in Atlanta. The contract between Hume and High Cotton was entered into in Georgia, and was to be governed by Georgia law. Hume is not qualified to do business in Alabama, nor does it have a registered agent for service of process in this State. Hume maintains no offices, company files or records in Alabama, and no company meetings have been held or corporate decisions made in Alabama. Hume has no assets, property, or bank accounts in Alabama. Hume has never paid taxes in Alabama.

According to High Cotton's president, Thomas McGahey, High Cotton's services under the Hume-High Cotton contract were to be performed by High Cotton at its facilities in Birmingham. For convenience of accepting returned products, Hume maintained a post office box in Birmingham.

Hume is not a party to the policy of insurance at issue in this declaratory judgment action; Hume possessed no knowledge of the policy, and no representative of Hume participated in any negotiations concerning the policy.

Prior to bringing this suit, General filed a similar declaratory judgment action in the Northern District of Georgia. That court dismissed High Cotton for lack of personal jurisdiction and dismissed Hume without prejudice. On appeal, the 11th Circuit affirmed, adopting the district court's rationale that, in a declaratory judgment action regarding the insurance policy, only the *nature*, rather than the *merits*, of Hume's claims against High Cotton were relevant.

## Analysis

In general, a state's sovereignty over persons, property and activities extends only within the state's geographical borders. *Pennoyer v. Neff*, 95 U.S. 714 (1878). However, even if a

person is not physically present in a state but conducts meaningful activity there or otherwise "purposely avails" itself of the privilege of conducting activities within a state, *in personam* jurisdiction over that person may be appropriate. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). To the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. *International Shoe Co. V. Washington*, 326 U.S. 310, 317-19 (1945). *In personam* jurisdiction satisfies due process requirements when 1) the nonresident defendant has purposefully established minimum contacts with the forum state, and 2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Francosteel Corp. V. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994). In the 11th Circuit, a defendant's contacts with the forum state must satisfy three criteria in order to constitute minimum contacts supporting specific jurisdiction. "First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of [the forum's] laws.' Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there.'" *Id.* At 627 (quoting *Vermeulen v. Renault, USA, Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)).

After review the materials submitted by the parties, this court concludes that General has failed to meet the first criterion set forth by the 11th Circuit in *Francosteel*. Specifically, General has failed to meet its *prima facie* burden of showing that Hume's contacts with Alabama "relate to" or "give rise to" *General's* cause of action. General's suit asks this court to interpret General's insurance contract with High Cotton, in order to determine whether the type of dispute at issue

3

in the Hume-High Cotton suit is covered under High Cotton's policy. General has not disputed Hume's contention that Hume did not participate in any aspect of high Cotton's insurance contract negotiations with General. While it may be true that resolution of this declaratory judgment action may have some indirect impact on Hume and the Hume-High Cotton contract action, such a hypothetical "relation" between General and Hume may not serve as the basis for personal jurisdiction over Hume in Alabama. As the 11th Circuit has already concluded in its review of General's similar action in the Northern District of Georgia, "the only relevant aspect of the [Hume-High Cotton contract suit] to [the insurance policy's] interpretation is the *nature* of the claims against High Cotton, not the *merits* of the claims against High Cotton. As such, the substantive facts in the [Hume-High Cotton] suit are not relevant to the present declaratory judgment action." Order, *General Accident Ins. Co. of Am. v. High Cotton Direct Marketing, Inc.*, No. 96-8434 (11th Cir. Dec. 19, 1996).

Accordingly, this court concludes that General's claims against Hume in this action are due to be DISMISSED for lack of personal jurisdiction.

Dated: 1-27-98

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. J. Bentley Owens, III
    Mr. Robert H. Hishon
    Ms. Nancy R. Daspit
    Ms. Elise B. May
    Mr. Mark T. Dietrichs